**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN L. CORBIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:18-cv-186-SPB-RAL |
| ) | |
| **DR. HALLIGAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM ORDER

This prisoner civil rights action was received by the Clerk of Court on June 26, 2018 and was referred to the undersigned, then a United States Magistrate Judge, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72(C) and (D) the Local Civil Rules of Court. Plaintiff's complaint (ECF No. 3) was filed on July 12, 2018. ECF No. 3.

On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was transferred to the undersigned, as presiding judge, four days later. ECF No. 14. On September 27, 2018, the case was referred to United States Magistrate Judge Richard A. Lanzillo for all pretrial proceedings. ECF No. 15.

On October 1, 2018, Defendants Halligan, Chuzie, and Stroup (collectively, the "Medical Defendants") filed a motion to dismiss the Plaintiff's claims. ECF No. 17. Defendants Blair, Clark, Gunther, Linder, Lock, Smock, and Tharp filed their motion to dismiss on October 9, 2018. ECF No. 19. Plaintiff filed responses on December 26, 2018. ECF Nos. 36 and 37.

On April 8, 2019, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that the motion to dismiss filed by the Medical Defendants be granted. ECF No. 44. The claims against these Defendants are predicated on

1

alleged violations of Plaintiff's Eighth Amendment rights inasmuch as Plaintiff avers Halligan, Chuzie, and Stroup were deliberately indifferent to his serious medical needs.

In his Report and Recommendation, Judge Lanzillo delineated the four separate violations that he perceived were being asserted: (1) a claim that Plaintiff was forced to go without medical attention for 10 to 12 days due to the fact that he would not sign a co-payment form in connection with medical treatment for a work-related injury; (2) a claim against Defendant Chuzie based upon her alleged misdiagnosis of his arm injury and erroneous prescription of certain medication; (3) a claim against Defendants Halligan and Stroup based upon their decisions to not order an MRI of Plaintiff's injured arm; and (4) a claim that medical staff refused to provide Plaintiff pain medication due to Halligan's "false diagnosis" of kidney disease. Judge Lanzillo opined that each of these claims, as pled, failed to state a cause of action upon which relief can be granted; however, he also opined that the claims against Halligan and Stroup based upon their refusal to order an MRI were not necessarily futile. Accordingly, Judge Lanzillo recommended that those specific claims be dismissed without prejudice. Plaintiff filed his "Objection to Report and Recommendation" on May 31, 2019. ECF Nos. 49.[1]

After careful *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

---

[1] The Court notes that Plaintiff's objections are nearly forty pages in length and are accompanied by approximately 28 pages of exhibits. *See* ECF No. 49-1. None of these exhibits are among those that were originally appended to the complaint, and some of them were not submitted to Judge Lanzillo in response to the Medical Defendants' pending motion. Generally, when a motion is before the Court pursuant to Rule 12(b)(6), "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). Consistent with this rule, the Court has considered those exhibits that Plaintiff appended to his response in opposition to the Medical Defendants' motion as Exhibit A, B, C, D, E, F, F, G, H. *See* ECF No. 37-1. These documents were part of the record before Judge Lanzillo and could, consistent with Rule 12(b)(6), properly be considered indisputably authentic documents that serve as the basis for Plaintiff's claims.

AND NOW, this 11th day of July, 2019;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Halligan, Chuzie, and Stroup, ECF No. [17], shall be, and hereby is, GRANTED, and the claims against them are dismissed as follows:

(a) Plaintiff's claim against Defendant Chuzie based upon her alleged misdiagnosis and prescription of inappropriate medication shall be, and hereby is, DISMISSED with prejudice;

(b) Plaintiff's claim relating the Medical Defendants' "false diagnosis" of kidney disease and failure to provide pain medication shall be, and hereby is, DISMISSED with prejudice; and

(c) Plaintiff's claims against Defendants Halligan and Stroup based upon their failure to order an MRI shall be, and hereby are, DISMISSED without prejudice. Upon the Court's resolution of the motion to dismiss that was filed by the remaining (non-medical) Defendants, the Court will establish a deadline for repleading these claims so that proposed amendments are not handled piecemeal.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on April 8, 2019, ECF No. [44], as modified by this Memorandum Order, is adopted as the opinion of this Court.[2]

---

[2] In his objections, Plaintiff clearly foreswears any intent to assert a claim against the moving Defendants based upon the alleged denial of treatment pending his signature on a co-payment authorization form. Rather, Plaintiff explains that this claim is directed against Defendants Blair and Lock only, neither of whom have joined in the motions addressed herein. Consequently, this Court will decline to adopt that portion of the Report and Recommendation wherein Judge Lanzillo, out of an abundance of caution, analyzed the aforementioned claim as one being asserted against one or more of the moving Defendants.

SUSAN PARADISE BAXTER
United States District Judge