IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN L. CORBIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:18-cv-186-SPB-RAL |
| ) | |
| **DR. HALLIGAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM ORDER

Plaintiff John L. Corbin, a former inmate at SCI-Albion, filed this civil action against various medical personnel, administrators, and corrections officials, claiming that the Defendants violated his federal civil rights in connection with his medical treatment and the ensuing grievance process.[1]  ECF No. 1-1.  The Defendants in this action are: "Dr. Halligan" (a physician providing treatment to prisoners at SCI-Albion); "Mr. Stroup" (a physician's assistant"); "Ms. Blair" (a medical nurse); "Ms. Chuzie" (a physician's assistant); "Mr. Lock" (a medical nurse); "Ms. Smock" (the institution's Chief Health Care Administrator); "Ms. Linder" (a medical nurse); "Ms. Tharp" (a grievance coordinator); "Ms. Gunther" (a member of the prison's medical staff); and "Mr. Clark" (SCI-Albion's Superintendent).  Defendants Smock, Linder, Gunther, Tharp, and Clark were sued only in their "professional" capacities, while Defendants Halligan, Stroup, Blair, Chuzie and Lock were sued in both their personal and "professional" capacities.

---

[1] After the Clerk of Court lodged Plaintiff's complaint on June 26, 2018, the matter was referred to the undersigned, then a United States Magistrate Judge, for report and recommendation ("R&R"), in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Civil Rules of this Court.  During the course of this litigation, the undersigned was sworn in as a United States District Judge. Thereafter, the undersigned became the presiding district court judge on this case, and United States Magistrate Judge Richard A. Lanzillo was assigned to handle all pretrial proceedings.  ECF Nos. 14, 15.

1

On July 11, 2018, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. ECF No. 2. The Clerk filed his complaint the next day. ECF No. 3.

In his pleading, Plaintiff asserted various claims under 42 U.S.C. §1983 arising from the Defendants' alleged violations of his Eighth and Fourteenth Amendment rights. According to the Complaint, Defendant Blair violated Plaintiff's Eighth Amendment rights by insisting that he could not get medical treatment for a work-related injury unless he first made a required co-payment. ECF No. 3, ¶21, 29, 57. Defendant Lock "strongly support[ed]" Blair and "was very aggressive and cursing Plaintiff . . . before leaving Blair to continue extortion." Id. ¶23. After the medical department was finally "forced" to examine Plaintiff, id., ¶30, Defendants Halligan, Stroup, and Chuzie allegedly misdiagnosed his injuries and denied him appropriate pain relief, testing, and treatment. Id. ¶¶ 18-20, 22, 29-56. When Plaintiff attempted to grieve Blair's actions, Lock – who had involvement in the underlying incident – allegedly conducted a biased investigation and denied the grievance. Id. ¶¶ 23, 58. Defendants Smock, Linder, Gunther, Tharp and Clark occupied "supervisory positions" related to the "grievances and appeals process" and "were/are in [a] position to correct violations and chose not to." Id. ¶16; see id. ¶ 74.

On October 1, 2018, Defendants Chuzie, Halligan and Stroup (the "Medical Defendants") filed a motion to dismiss the complaint. ECF No. 17. The Court subsequently adopted Judge Lanzillo's R&R in part and granted the Medical Defendants' motion to dismiss, allowing Plaintiff leave to replead only his Eighth Amendment claim against Halligan and Stroup arising from their refusal to order an MRI. ECF Nos. 44, 50.

On October 9, 2018, Defendants Blair, Clark, Gunther, Linder, Lock, Smock, and Tharp (hereafter, the "DOC Defendants") filed the pending motion to dismiss the complaint. ECF No.

2

19. After obtaining an extension of time from the Court, Plaintiff filed his response on December 26, 2018.  ECF No. 36.

On July 23, 2019, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that the DOC Defendants' motion to dismiss be granted.  After concluding that all seven DOC Defendants had been sued in their "professional" (i.e. "official") capacities, ECF No. 52 at 3-4, Judge Lanzillo recommended that the official capacity claims be dismissed based upon Eleventh Amendment immunity.  Id. at 4-5.  Since Plaintiff named Smock, Linder, Tharp, Gunther, and Clark only in their "professional capacities," Judge Lanzillo recommended that these five Defendants be dismissed from the case without prejudice and with Plaintiff having leave to replead personal capacity claims against them.  Id. at 5.  Second, and alternatively, Judge Lanzillo recommended that the claims against Defendants Lock, Linder, Gunther, Tharp, and Clark be dismissed for lack of personal involvement in any alleged wrongdoing, as the claims against them were premised upon each Defendant's role in the grievance process.  Id. at 5-8.  Judge Lanzillo opined that the dismissal of these claims should be without prejudice, so that Plaintiff could be given an opportunity to amend his pleading if he has specific grounds for alleging the personal involvement of these individuals in some alleged wrongdoing.  Id. at 10.  Third, Judge Lanzillo recommended that the Eighth Amendment claim against Smock be dismissed with prejudice.  Id. at 8-9.  To that end, the Magistrate Judge observed that (i) Plaintiff was under the care of prison medical personnel, (ii) Smock is a non-medical Defendant, and (iii) Plaintiff failed to allege any grounds showing that she knew or had reason to believe he was being mistreated by medical personnel.  Id.  Finally, Judge Lanzillo recommended that the claims against Blair and Lock stemming from Blair's alleged denial of medical care be dismissed with prejudice.  Id. at 9-10.  Regarding that

3

point, Judge Lanzillo incorporated his analysis from a prior R&R wherein he opined that Blair's conduct in requiring Plaintiff to submit his co-payment as a condition of medical treatment did not involve a constitutional violation. Id. (citing ECF No. 44, pp. 5-7 and ECF No. 50).

On September 18, 2019, Plaintiff filed his "Response to Magistrate Judge's Report and Recommendation." ECF No. 61.[2] As to his "professional capacity" claims, Plaintiff does not dispute that he is suing the DOC Defendants in their official capacities, nor does he take issue with Judge Lanzillo's Eleventh Amendment analysis; instead, Plaintiff requests leave to amend his pleading. With respect to the claims against Defendants Linder, Tharp, Gunther, Clark, and Lock, Plaintiff essentially "doubles down" on his theory that the involvement of these Defendants in the grievance process provides a basis for establishing actionable wrongdoing. With respect to his Eighth Amendment claim against Smock, Plaintiff contends that he sufficiently pled her culpability in Paragraphs 24, 40, 48, 50, and 74 of the complaint. As for his claims against Blair and Lock arising from the co-pay issue, Plaintiff contends that medical personnel "knew without a doubt" his injury was work-related, ECF No. 61 at 18, and therefore, he could not be charged a co-payment under the express terms of DC-Adm 820 §1(B)(15). Plaintiff insists that Blair and Lock acted in direct contravention of DOC policy and caused him to go without necessary medical treatment for a period of 10 to 12 days, while he was in severe pain.

Upon review of Plaintiff's objections, the Court finds no basis for departing from Judge Lanzillo's recommendation to grant the DOC Defendants' motion. This Court's analysis differs slightly, however, in terms of the claims it finds amenable to amendment.

---

[2] In the interim, Plaintiff attempted to take an interlocutory appeal from this Court's ruling relative to the claims against the Medical Defendants. See ECF No. 57. That appeal was ultimately dismissed based on Plaintiff's failure to timely prosecute the appellate case. See ECF No. 63.

As an initial matter, the Court agrees that Plaintiff's "professional capacity" claims should be construed as claims against the DOC Defendants in their official capacities. As such, these claims are subject to dismissal under the Eleventh Amendment to the extent that Plaintiff seeks monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990).

The Court notes, however, that Plaintiff has also sought declaratory and injunctive relief in his complaint. Official capacity claims requesting prospective injunctive relief are not barred by the Eleventh Amendment, but "plaintiffs who seek the jurisdiction of the federal courts must show that they have sustained or are in immediate danger of sustaining some direct injury as the result of the challenged official conduct." *J. C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016) (citing *Ex parte Young*, 209 U.S. 123 (1908) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id*. (citing *Young*, *supra*, and *Lyons*, *supra*). In this case, Plaintiff's allegations do not demonstrate any immediate danger of prospective harm arising from the Defendants' alleged misconduct because Plaintiff has recently been transferred to a different state correctional institution. His claims for declaratory and injunctive relief are therefore moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (an action is moot if "there is no reasonable expectation that the wrong will be repeated") (citation omitted). As the Eleventh Amendment bars Plaintiff's prayer for damages, and because his request for equitable relief has been rendered moot, Plaintiffs' "professional capacity" claims against the DOC Defendants will be dismissed without leave to amend.

With respect to the Eighth Amendment claim against Defendants Blair and Lock, Plaintiff concedes that he was not required to actually pay a co-payment fee as a prerequisite to

treatment; rather, Blair required that he sign a form authorizing payment from his prison inmate account in the event a co-payment was determined to be owing. For the reasons previously laid out by Judge Lanzillo in his April 8, 2019 Report and Recommendation, the Court finds that Plaintiff has not stated an actionable basis for redress under §1983 based on the facts alleged; namely:

> It is well-established that allegations relating to a defendant's consideration of the costs associated with treating a prisoner's non-emergency medical condition do not state a claim of deliberate indifference because prisoners "do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." *Lanza v. Moclock*, 2018 WL 3060030, *9 (M.D. Pa. June 20, 2018) (quoting *Winslow v. Prison Health Servs*., 406 Fed Appx. 671,674 (3d Cir. 2011)); *see also Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997) ("[T]he deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.").
>
> To the extent that Corbin claims he cannot be charged a co-payment under the Constitution for work-related injuries, he misapprehends both the specifics of Department of Correction's policies and the scope of his constitutional protections. See ECF No. 3, ¶¶29-30. The policy governing an inmate's co-payment for medical services is DOC Policy DC-ADM 820. Corbin is correct that "[o]ne of the exemptions included in DC-ADM 820 is for medical service provided as a result of an injury or illness arising from an inmate's facility work assignment." See *Rambert v. Beard*, 2012 WL 760619, * 15 n.4 (M.D. Pa. March 7, 2012) (citing DC-ADM 820). However, DOC policy requires inmates to sign a form authorizing co-payment upfront: "non-emergency medical service shall not be provided to an inmate who refuses to sign the [co-pay] authorization form, either before or after having been advised that a fee will be charged for the medical service." DC-ADM 820 2(A)(6). Under the policy, a determination is to be made after the medical examination whether the prisoner has a work-related injury and therefore not obligated for a co-payment. DC-ADM 820(A)(8). Corbin was not forced to pay for treatment for a work-related injury. He was denied treatment because he refused to sign the appropriate form. Signing the form would not have resulted in Corbin being assessed a fee for treatment arising out of a work-related injury. Signing the form simply would have acknowledged the DOC's right to assess a fee in the event it was ultimately determined that the treatment was not related to a work-related injury. Corbin refused to follow procedure and therefore was denied treatment until he did so. This is not a violation of the Eighth Amendment. See, e.g, *Bracey v. Pa. Dep't Corr*., 2012 WL 750911, *8 (W.D. Pa. Feb. 7, 2012) (citing *Crews v. Beaver*, 2010 WL 3632144 (M.D. Pa. Sept. 10, 2010) (holding an inmate's refusal to follow procedures governing the provision of medication did not constitute deliberate indifference)); *see also Brown v. Rozum*, 2011 WL 5925307 (3d Cir. 2011). Thus, Corbin's refusal to sign the copay authorization form was the reason for the delay in medical care, not any alleged deliberate indifference to his injury by the Medical Defendants. . . . .

ECF No. 44 at 5-6.  The Court concurs with this analysis.  Accordingly, it will dismiss Plaintiff's Eighth Amendment claims against Blair and Lock with prejudice, as it does not appear to the Court that these claims can be cured through further amendment.

Plaintiff asserts additional claims against Lock in his individual capacity based upon Lock's involvement in investigating and denying Plaintiff's grievance.  To the extent Plaintiff is alleging Fourteenth Amendment due process violations based upon Lock's allegedly biased or dishonest conduct relative to the grievance process, the claim fails because "[p]rison inmates do not have a constitutionally protected right to a grievance process."  *McCurdy v. Wetzel*, No. CV 20-3458, 2020 WL 6118783, at *4 (E.D. Pa. Oct. 16, 2020) (quoting *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005)); *see also McGuire v. Forr*, No. 94-6884, 1996 WL 131130, at *1 (E.D. Pa. Mar. 21, 1996), *aff'd*, 101 F.3d 691 (3d Cir. 1996) (holding even if defendants denied plaintiff an adequate grievance process, the claim would still fail).  Accordingly, "[p]risoners must state a due process claim beyond a violation of the grievance process."  *McCurdy*, 2020 WL 6118783, at *4 (citation omitted).

To the extent Plaintiff is seeking to hold Lock liable for alleged Eighth Amendment violations based upon his role in investigating and denying Plaintiff's grievance, the claim fails for two reasons.  First, as discussed, Blair's alleged conduct did not give rise to an actionable Eighth Amendment violation; therefore, Lock's alleged support of Blair similarly cannot give rise to an actional claim.  Moreover, Judge Lanzillo correctly noted that a prison official's involvement in the grievance process does not establish their personal involvement, for §1983 purposes, in the underlying misconduct that is being grieved.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that liability under §1983 cannot be predicated solely on *respondeat superior* but instead must be predicated upon the defendant's "personal involvement

personal involvement in the alleged wrongs") (citing *Parratt v. Taylor*, 451 U.S. 527,537 n.3 (1981)); *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to later-filed grievances about his medical treatment, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). To the extent Plaintiff is attempting to hold Lock personally liable under §1983 for his role in investigating and denying Plaintiff's grievance, the claim is legally deficient and cannot be cured upon further amendment. Accordingly, the claim will be dismissed with prejudice.

The Court's conclusion in this regard also has relevance with respect to Plaintiff's claims against Defendants Linder, Tharp, Gunther, and Clark, who are being sued based solely upon their involvement in the grievance process. Notably, Plaintiff sued these defendants only in their "professional" – or official – capacities. As discussed, the Court will dismiss the official capacity claims for lack of jurisdiction and mootness. But to the extent Plaintiff would seek leave to assert claims against these Defendants in their personal capacities, such amendment would be futile for the reasons previously stated. The Fourteenth Amendment's due process guarantees do not endow Plaintiff with a constitutionally protected right to a grievance process, and the Defendants' involvement in that process does not establish their "personal involvement" in the matters that were grieved. Because Plaintiff has not asserted any other basis of potential liability relative to Defendants Linder, Tharp, Gunther, and Clark, the claims against those Defendants will be dismissed with prejudice.

Finally, with respect to Plaintiff's Eighth Amendment claim against Smock, Plaintiff contends that he sufficiently pled her culpability in Paragraphs 24, 40, 48, 50, and 74 of the complaint. Judge Lanzillo opined that this claim could be dismissed on the merits because Smock is a non-medical defendant who is entitled to rely on the medical judgment of Plaintiff's health care providers. See ECF No. 52 at 8-9. Technically, however, the Court has no jurisdiction to reach the merits of this claim. Plaintiff sued Smock only in her *official* capacity; as a result, his request for damages is barred by the Eleventh Amendment and his request for equitable relief has been mooted by Plaintiff's recent transfer to a different prison. Although the undersigned concurs with Judge Lanzillo's recitation of the legal principles applicable to non-medical prison officials who are sued for alleged deliberate indifference to a prisoner's serious medical needs, see ECF No. 52 at 8-9, the Court cannot definitively say that Plaintiff is incapable of pleading a plausible Eighth Amendment claim against Smock in her personal capacity. Accordingly, the Court will dismiss Plaintiff's official capacity claims against Smock, but the Court will also afford Plaintiff leave to file an amended claim against Smock in her individual capacity, provided Plaintiff can do so consistent with the principles outlined by Judge Lanzillo.

Based upon the foregoing reasons, and after careful *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 8th day of January, 2021;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Blair, Lock, Smock, Linder, Tharp, Gunther, and Clark, ECF No. [19], shall be, and hereby is, GRANTED, and the claims against them are dismissed as follows:

1. Plaintiff's official capacity claims are DISMISSED for lack of subject matter jurisdiction without leave to further amend;

2. Plaintiff's personal capacity claims against Defendants Blair and Lock alleging Eighth Amendment violations as a result of the alleged denial of medical care are DISMISSED with prejudice;

3. Plaintiff's personal capacity claim against Defendant Lock alleging a Fourteenth Amendment due process violation as a result of Lock's investigation into, and denial of, Plaintiff's grievance(s) is DISMISSED with prejudice.

4. Inasmuch as Plaintiff has failed to identify any actionable misconduct on the part of Defendants Linder, Tharp, Gunther, or Clark based upon their involvement in Plaintiff's grievance process, Plaintiff is denied leave to further amend his Eighth Amendment and/or Fourteenth Amendment Due Process claims against these individual Defendants.

5. Plaintiff shall have leave to amend to assert an Eighth Amendment claim against Defendant Smock in her personal capacity, to the extent he can allege actionable misconduct consistent with the principles set forth in this Memorandum Order and the Magistrate Judge's Report and Recommendation, ECF No. [52].

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on July 23, 2019, ECF No. [52], as modified by this Memorandum Order, is adopted as the opinion of this Court.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge