## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN L. CORBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-186-SPB-RAL |
| ) | |
| DR. HALLIGAN, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

John L. Corbin ("Corbin"), an inmate formerly housed at SCI-Albion, has sued various medical and prison personnel in this civil rights action, which he commenced on June 26, 2018. On September 27, 2018, the case was referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings, in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rules 72(C) and (D) the Local Civil Rules of Court. ECF No. 15.

At this phase of the proceedings, Plaintiff's Amended Complaint, ECF No. 89, is the operative pleading. Therein, Corbin asserts various Eighth Amendment claims under 42 U.S.C. §1983 against the remaining Defendants -- Rekha Halligan, M.D. ("Halligan"), Daniel Stroup, P.A. ("Stroup"), and Jerry Smock ("Smock"). All of the remaining claims are predicated on the theory that the Defendants were deliberately different, in various ways, to Corbin's serious medical needs. His claims against Halligan arise from: (i) Halligan's alleged refusal to order an MRI study for Corbin's injured arm, and (ii) her allegedly false notation in the medical records that Corbin suffered from kidney disease, which (Corbin says) precluded him from receiving pain medication. Corbin's claim against Stroup arises, in part, from Stroup's alleged remarks that no MRI would be ordered based on considerations of Corbin's age and the costs involved, that Corbin would have to simply "live with" his injury, and that he would have to "prove" it was

1

a work injury in order to get further treatment. *Id.* ¶6(C)-(D). Plaintiff also claims that Stroup repeatedly denied him pain medication for his injury and instead directed him to purchase pain medication on his own. With respect to Smock, Corbin alleges that he attempted to obtain medical records that would have helped him prove his injury was work-related, but his requests to Smock went unanswered. Corbin also alleges that Smock was informed of "abuse" but "knowingly and willingly" ignored her responsibility to stop it. ECF No. 89, ¶7. Finally, Corbin complains that all three Defendants failed to issue orders ensuring that he would be handcuffed (when necessary) with his hands in front of his body, rather than behind his back.

On July 14, 2021, Smock filed a motion to dismiss the claims against her. ECF No. 90. Halligan and Stroup also filed a motion to dismiss that same day. ECF No. 92. Corbin filed his response to the motions on August 19, 2021, making the matter ripe for disposition. ECF No. 97.

On November 15, 2021, Magistrate Judge Lanzillo filed a Report and Recommendation opining that the Defendants' motions to dismiss should be granted because none of the alleged actions on the part of the Defendants could establish deliberate indifference to a serious medical need. ECF No. 100. As to Halligan's refusal to order an MRI, Judge Lanzillo explained that Corbin's allegations essentially involved a dispute over Halligan's treatment decision and medical judgment. *Id.* at 6-7. To the extent Stroup was involved in the refusal to order an MRI, Judge Lanzillo viewed Stroup's decision as one predicated upon permissible considerations of cost and Corbin's age. *Id.* at 7. As to the claim that Halligan made an inaccurate notation in Corbin's medical records that he suffered from kidney disease, Judge Lanzillo noted that, in fact, Corbin's own averments established that he had lost his right kidney in 1986; moreover, Corbin acknowledged having been told that he could purchase his own pain medication as needed. *Id.* at

2

7-8. In Judge Lanzillo's view, Corbin's disagreement with this instruction could not, as a matter of law, demonstrate deliberate indifference on the part of his health care providers. Similarly, Judge Lanzillo concluded the Defendants' failure to ensure that Corbin was handcuffed with his hands in front of his body showed, at most, that they could have done more to reduce his discomfort; the allegations did not, in Judge Lanzillo's estimation, show deliberate indifference to a serious medical need. Finally, with respect to Defendant Smock, Judge Lanzillo found nothing in the Amended Complaint to support an inference that Smock knew or had reason to believe that Halligan or Stroup were mistreating Corbin; therefore, as a non-physician administrator, Smock was entitled to defer to the treatment decisions of Halligan and Stroup, and Corbin could not establish deliberate indifference on her part based upon her failure to respond more favorably to his complaints.

Objections to the Report and Recommendation were due to be filed on or before December 2, 2022. To date, no objections have been received.

Accordingly, after *de novo* review of the Amended Complaint, Defendants' motions and all filings related thereto, and the Report and Recommendation, the following order is entered:

AND NOW, this 4th day of January, 2022;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant Jerry Smock, ECF No. [90], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants Rekha Halligan and Daniel Stroup, ECF No. [92], shall be, and hereby is, GRANTED.

Because Plaintiff has previously been given an opportunity to amend his pleading, and because it appears that the deficiencies in Plaintiff's claims cannot be remedied through further

3

amendment, IT IS FURTHER ORDERED that the Amended Complaint shall be, and hereby is, DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

Finally, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on November 15, 2021, ECF No. [100], is adopted as the opinion of this Court.

There being no further claims pending before this Court in the above-captioned matter, the Clerk is directed to mark this civil action "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

cm:   John L. Corbin
      FS-8151
      S.C.I. Mercer
      801 Butler Pike
      Route 258 South
      Mercer, PA 16137
      (via U.S. Mail, First Class)

      All counsel of record
      (via CM/ECF)

      U.S. Magistrate Judge Richard A. Lanzillo
      (via CM/ECF)

4